

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:　　　　Opinion No. O-3494

　　　　　　　　　　　　Re: Tenure of special judge elected
　　　　　　　　　　　　by the bar for the District
　　　　　　　　　　　　Court of the 17th Judicial
　　　　　　　　　　　　District.

　　　　We have your inquiry of May 5, 1941, touching the above subject-matter, which letter reads as follows:

　　　　"The regular Judge of the 17th Judicial District has taken a leave of absence for a number of months, probably for the remainder of his elected term. The bar of this district has elected Honorable Geo. M. Conner to act as Special Judge of this District.

　　　　"This department desires your opinion as to whether it is necessary for the bar to elect a Special Judge for each term, or whether the Special Judge once elected may serve until the regular Judge returns and assumes his duties."

　　　　Section 23 of Article 2092 of the Revised Civil Statutes as presently in force is as follows:

　　　　"If a Judge of any Court is disqualified in any case pending in his Court, and his disqualification is certified to the Governor, the Governor may require the Judge of any other of such Courts to exchange benches or districts with the disqualified Judge, and may, at any time, require any of such Judges

to exchange districts with each other or with
any other District Judge. In case of the ab-
sence, sickness, or disqualification of any
Judge, any other of said Judges may hold
Court for him or may transfer from his Court
to any other of said Courts any case or pro-
ceeding then pending in the Court of said
absent, sick, or disqualified Judge and in
such circumstances the practicing lawyers of
the Court may elect a special Judge of said
Court in the same manner as provided in Chap-
ter 1 of Title 40 of the Revised Civil Statutes
of 1925, and such special Judge when so elected
shall have and exercise all the powers and du-
ties which the regular Judge of said Court
could have and exercise."

For the "manner" of the election of such special
judge, we are sent to Chapter 1 of Title 40, of the Revised
Civil Statutes of 1925.

Reverting to this Chapter, we find that Articles
1887 and 1893 are the only ones pertinent to our inquiry.

Article 1887 declares:

"Should the judge of a District Court on
the first or any future day of a term fail or
refuse to hold the court, the practicing law-
yers of the court present may elect from among
their number a special judge who shall hold
the court and proceed with the business there-
of."

Article 1893 provides:

"Like elections may be held from time to
time during the term of the court to supply
the absence, failure or inability of the judge,
or of any special judge, to perform the duties
of the office."

Your inquiry calls for an original construction
of the statutes quoted, since there is no court authority
in point.

The statutes are obscure, but we must of necessity "discover" the intention of the Legislature with respect to the precise point of your inquiry.

The language of Article 1887, "on the first or any future day of a term" has some significance. We think it signifies by anticipation that notwithstanding the regular judge should fail or refuse to hold the court upon the first day of the term, and that a special judge should be selected in his stead, yet at a subsequent day of the term the regular judge might return and resume his duties, or the special judge might himself fail or refuse to act, whereupon another election should be held so that the business of the court would go on as usual. It is conceivable, upon this theory, that there might be repeated elections during the term, according as the regular judge might return and again fail or refuse to hold the court.

The language of Article 1893 accentuates the construction just given to the quoted words from Article 1887. Article 1893, however, contains the following language, which is even more significant. It provides, "Like elections may be held from time to time during the term" to supply the absence of a judge.

From these meager indicia of intention, we are constrained to advise you that the election of a special judge for the 17th Judicial District should be held on the first day of each respective term, in the event of the failure or refusal of the regular judge to hold the court, and as often thereafter during each respective term as the necessity therefor may require.

The following authorities tend to support our conclusion:

House v. Ford, 258 S. W. 527;

Cox v. Oliver, 95 S. W. 596;

Lowe v. State, 201 S. W. 986;

Watson v. State, 201 S. W. 988.

Honorable Geo. H. Sheppard - page 4

Trusting that what we have said satisfactorily answers your inquiry, we are

Very truly yours

APPROVED MAY 14, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN